# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

| | | |
|---|---|---|
| W&T OFFSHORE, INC., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. _____ |
| DOUG BURGUM, Secretary of | ) | |
| the Interior, in his official capacities | ) | |
| as CHAIR and MEMBER of the | ) | |
| ENDANGERED SPECIES | ) | |
| COMMITTEE; | ) | |
| | ) | |
| BROOKE ROLLINS, Secretary of | ) | |
| Agriculture, in her official capacity as | ) | |
| a MEMBER of the ENDANGERED | ) | |
| SPECIES COMMITTEE; | ) | |
| | ) | |
| DANIEL DRISCOLL, Secretary of the | ) | |
| Army, in his official capacity as a | ) | |
| MEMBER of the ENDANGERED | ) | |
| SPECIES COMMITTEE; | ) | |
| | ) | |
| PIERRE YARED, Acting Chair of the | ) | |
| Council of Economic Advisors, in his | ) | |
| official capacity as a MEMBER of the | ) | |
| ENDANGERED SPECIES | ) | |
| COMMITTEE; | ) | |
| | ) | |
| LEE ZELDIN, Administrator of the | ) | |
| Environmental Protection Agency, in | ) | |
| his official capacity as a MEMBER of | ) | |

the ENDANGERED SPECIES       )
COMMITTEE;                           )
                                   )
and                                 )
                                   )
NEIL JACOBS, Administrator of    )
the National Oceanic and Atmospheric )
Administration, in his official capacity )
as a MEMBER of the ENDANGERED   )
SPECIES COMMITTEE,             )
                                   )
     Respondents.                )

## <u>PETITION FOR REVIEW OF FINAL ACTION BY THE ENDANGERED SPECIES COMMITTEE</u>

# CERTIFICATE OF INTERESTED PERSONS

Pursuant to 11TH CIR. R. 26.1-1, Petitioner W&T Offshore, Inc. certifies that the following is a list of all known judges, attorneys, persons, associations of persons, firms, partnerships, corporations, and other legal entities that have an interest in the outcome of this case, including subsidiaries, conglomerates, affiliates and parent corporations, any publicly held company that owns 10 percent or more of a party's stock, and other identifiable legal entities related to a party:

1. Burgum, Doug (Secretary of the Interior/Respondent)

2. Driscoll, Daniel (Secretary of the Army/Respondent)

3. Endangered Species Committee

4. Escalona, Prim F. (attorney for Petitioner W&T Offshore, Inc.)

5. Hegseth, Pete (Secretary of War/interested party before the Endangered Species Committee)

6. Jacobs, Neil (Administrator of the National Oceanic and Atmospheric Administration/Respondent)

7. Maynard Nexsen, PC (attorneys for Petitioner W&T Offshore, Inc.)

8.    Rollins, Brooke (Secretary of Agriculture/Respondent)

9.    W&T Offshore, Inc. (Petitioner)

10.   Yared, Pierre (Acting Chair of the Council of Economic Advisors/Respondent)

11.   Zeldin, Lee (Administrator of the Environmental Protection Agency/Respondent)

Petitioner W&T Offshore, Inc. is publicly traded (WTI) on the New York Stock Exchange. W&T Offshore, Inc. does not have any parent corporation, and no other publicly held corporation owns 10% or more of its stock.

## W&T Offshore, Inc.'s Petition for Review

Pursuant to Federal Rule of Appellate Procedure 15(a), 16 U.S.C. § 1536(h), and 28 U.S.C. § 2112, Petitioner W&T Offshore, Inc. petitions for review of a final action, entitled "Notice," published by Respondents in the Federal Register on April 3, 2026, at 91 Fed. Reg. 16,966. A copy of the final action is attached to this petition as Exhibit 1.

This Notice provides that "the agency action is being carried out in the federal waters of the Gulf of America and state waters and lands, including coastal areas, ports, airspaces, and waterways, which means that a person may obtain judicial review exclusively in the U.S. Courts of Appeals for the Fifth or Eleventh Circuits." 91 Fed. Reg. at 16,967. Pursuant to 16 U.S.C. § 1536(h), "a copy of such petition shall be transmitted by the clerk of the court to the Committee."

Respectfully submitted this 13th day of April, 2026.

s/ Prim F. Escalona
Counsel for Petitioner

1

**OF COUNSEL**:
MAYNARD NEXSEN PC
1901 Sixth Ave. N, Ste. 1700
Birmingham, Alabama 35203
(205) 254-1000
pescalona@maynardnexsen.com

# CERTIFICATE OF SERVICE

In accordance with Federal Rule of Appellate Procedure 25, and 28 U.S.C. § 2112, the undersigned certifies that, on April 13, 2026, this petition was electronically filed with CM/ECF for the Court of Appeals for the Eleventh Circuit. Because this Petition was filed after business hours on April 13, 2026, copies of this Petition for Review were delivered to FedEx for overnight delivery no later than April 14, 2026, for service on the following Respondents:

Doug Burgum
Secretary of the Interior
1849 C Street NW
Washington, D.C. 20240

Brooke Rollins
Secretary of Agriculture
1400 Independence Ave SW
Washington, D.C. 20250

Daniel Driscoll
Secretary of the Army
101 Army Pentagon
Washington, D.C. 20310

Pierre Yared
Acting Chair of the Council of Economic Advisors
1600 Pennsylvania Ave NW
Washington, DC 20500

Lee Zeldin
Administrator of the Environmental Protection Agency
1200 Pennsylvania Ave NW
Washington, D.C. 20460


Neil Jacobs
Administrator of the National Oceanic and Atmospheric Administration
1401 Constitution Ave NW
Washington, DC 20230

/s/ Prim F. Escalona
Counsel for Petitioner

# Exhibit 1

Institutes of Health, Rockledge II, 6701 Rockledge Drive, Bethesda, MD 20892 which was published in the **Federal Register** on March 27, 2026, FR Doc No. 2026–059579, FR 14861.

This meeting is being amended to change the meeting date from April 16th–April 17th 2026 to July 9th–July 10th 2026. The meeting is closed to the public.

Dated: March 31, 2026,

**Rosalind M. Niamke,**
*Program Analyst, Office of Federal Advisory Committee Policy.*

[FR Doc. 2026–06486 Filed 4–2–26; 8:45 am]

**BILLING CODE 4140–01–P**

# DEPARTMENT OF THE INTERIOR

# DEPARTMENT OF THE ARMY

# ENVIRONMENTAL PROTECTION AGENCY

# DEPARTMENT OF AGRICULTURE

# DEPARTMENT OF COMMERCE

## Endangered Species Committee

**AGENCY:** Office of the Secretary, Interior; Department of the Army; Environmental Protection Agency; Department of Agriculture; Council of Economic Advisors, Executive Office of the President; Department of Commerce.

**ACTION:** Notice.

**SUMMARY:** The Endangered Species Committee held a public meeting on Tuesday, March 31, 2026, in Washington, DC, to address the Secretary of War's finding that it is necessary for reasons of national security to exempt Gulf of America Oil and Gas Activities (defined below) from the requirements of the Endangered Species Act. By unanimous vote, the Committee exempted under section 7(h) of the Endangered Species Act the Gulf of America Oil and Gas Activities, which include the avoidance or minimization measures described in the National Marine Fisheries Service's (NMFS) 2025 biological opinion and in the U.S. Fish and Wildlife Service's (FWS) 2018 and 2025 consultation decisions.

**SUPPLEMENTARY INFORMATION:** A notice in the March 16, 2026 **Federal Register**, 91 FR 12672, advised that the Secretary of the Interior, who is also the Chairman of the Endangered Species Committee, had called a meeting of the Endangered Species Committee for Tuesday, March 31, 2026, in Washington, DC, with the meeting open to the public through livestreaming.

**Decision**

On March 13, 2026, the Chairman of the Endangered Species Committee received from the Secretary of War a March 13, 2026 Letter regarding the Endangered Species Act. The Secretary of War notified the Chairman that he found it necessary for reasons of national security that the Endangered Species Committee grant an exemption from the Endangered Species Act's requirements for the agency action reviewed in NMFS's 2025 biological opinion and in FWS's 2018 and 2025 consultation decisions. That agency action is defined in the Secretary of War's National Security Findings (paragraphs 90 and 103) and covers all oil and gas exploration, development, and production activities associated with the Bureau of Ocean Energy Management's (BOEM) and the Bureau of Safety and Environmental Enforcement's (BSEE) Outer Continental Shelf Oil and Gas Program.[1] The agency action is referred to here as "Gulf of America Oil and Gas Activities." The Gulf of America Oil and Gas Activities include both the oil and gas exploration, development, and production activities, as well as the avoidance or minimization measures that are described in the agency action analyzed in NMFS's 2025 biological opinion and in FWS's 2018 and 2025 consultation decisions.

Section 7(j) of the Endangered Species Act provides: "Notwithstanding any other provision of this chapter, the Committee shall grant an exemption for any agency action if the Secretary of [War] finds that such exemption is necessary for reasons of national security." 16 U.S.C. 1536(j). The Secretary of War, after making this finding, requested that the Chairman convene a meeting of the Endangered Species Committee as soon as practicable to grant an exemption to safeguard and protect the national security. The Chairman then called a meeting for March 31, 2026, and the Committee convened that day.

Based on the Secretary of War's National Security Findings, the Committee grants pursuant to section 7(h) an exemption from the requirements of the Endangered Species Act for Gulf of America Oil and Gas Activities. 16 U.S.C. 1536(h). With this exemption, the federal agencies implementing the Gulf of America Oil and Gas Activities are not required to comply with the section 7(a)(2) procedural consultation and substantive

---

[1] The Secretary of War attached his National Security Findings to the March 13 Letter that he sent to the Chairman.

"jeopardy" and "adverse modification" mandates when they authorize, fund, or carry out covered agency actions. 16 U.S.C. 1536(h). Further, any action that would ordinarily be considered a take shall not be prohibited under the Endangered Species Act. 16 U.S.C. 1536(o)(1). This exemption applies to the full scope of the Gulf of America Oil and Gas Activities, and for the duration of those actions. Because the covered agency action includes robust avoidance or minimization measures, those measures shall continue to be implemented under this Order.

The Committee recognizes that the Endangered Species Act sets out a process for the Committee to consider an application for an exemption and standards for the Committee to apply when considering an application. 16 U.S.C. 1536(g), (h)(1). The Committee concludes that these other provisions of Section 7, including the application requirements and standards, do not apply when the Secretary of War finds that an exemption is necessary for reasons of national security. When the Secretary of War makes such a finding, the statute and regulations require the Committee to grant an exemption "[n]otwithstanding any other provision of this chapter." 16 U.S.C. 1536(j); 50 CFR 453.03(d). "[A]ny other provision" includes the application requirements and standards, and all other provisions in the Endangered Species Act.

The Endangered Species Act also states: "If the Committee determines under subsection (h) that an exemption should be granted with respect to any agency action, the Committee shall issue an order granting the exemption and specifying the mitigation and enhancement measures established pursuant to subsection (h) which shall be carried out and paid for by the exemption applicant in implementing the agency action." 16 U.S.C. 1536(*l*)(1). The Order need not specify any such mitigation and enhancement measures here because the application and other related requirements do not apply. The mitigation-and-enhancement requirement contemplates an application and an "exemption applicant," which are not present in this situation where the Secretary of War determines that an exemption is necessary for reasons of national security. But even if the requirement applied, it would be satisfied here based on mitigation measures included in the Secretary of War's findings. Specifically, the agency action that is the subject of the Secretary of War's findings includes the avoidance or minimization measures described in NMFS's 2025 biological

opinion and in FWS's 2018 and 2025 consultation documents.

The Committee understands that any person may obtain judicial review of this decision, which is made under 16 U.S.C. 1536(h), "in the United States Court of Appeals for . . . any circuit wherein the agency action concerned will be, or is being, carried out." 16 U.S.C. 1536(n). Here, the agency action is being carried out in the federal waters of the Gulf of America and state waters and lands, including coastal areas, ports, airspaces, and waterways, which means that a person may obtain judicial review exclusively in the U.S. Courts of Appeals for the Fifth or Eleventh Circuits. If this decision is challenged in litigation, the Committee designates attorneys at the U.S. Department of Justice to appear for and represent the Committee. 16 U.S.C. 1536(n).

**Order**

On the basis of the decision and findings stated above, the Committee grants an exemption for Gulf of America Oil and Gas Activities, which include the avoidance or minimization measures described in NMFS's 2025 biological opinion and in FWS's 2018 and 2025 consultation decisions.

This decision and order are effective immediately.

Dated: March 31, 2026.

**Doug Burgum,**
*Secretary of the Interior.*

**Dan Driscoll,**
*Secretary of the Army.*

**Lee Zeldin,**
*Administrator of Environmental Protection Agency.*

**Brooke Rollins,**
*Secretary of Agriculture.*

**Pierre Yared,**
*Acting Chairman of the Council of Economic Advisors.*

**Neil Jacobs,**
*Under Secretary of Commerce for Oceans and Atmosphere and National Oceanic Atmospheric Administration Administrator.*

[FR Doc. 2026–06458 Filed 4–2–26; 8:45 am]

**BILLING CODE 4334–63–P**

---

# INTERNATIONAL TRADE COMMISSION

**[Investigation Nos. 701–TA–767 and 731–TA–1750 (Final)]**

## L-Lysine From China; Scheduling of the Final Phase of Countervailing Duty and Antidumping Duty Investigations

**AGENCY:** United States International Trade Commission.

**ACTION:** Notice.

**SUMMARY:** The Commission hereby gives notice of the scheduling of the final phase of antidumping and countervailing duty investigation Nos. 701–TA–767 and 731–TA–1750 (Final) pursuant to the Tariff Act of 1930 to determine whether an industry in the United States is materially injured or threatened with material injury, or the establishment of an industry in the United States is materially retarded, by reason of imports of animal feed-grade l-lysine from China, provided for in subheading 2922.41.00 of the Harmonized Tariff Schedule of the United States, preliminarily determined by the Department of Commerce ("Commerce") to be subsidized and sold at less-than-fair-value.

**DATES:** March 6, 2026.

**FOR FURTHER INFORMATION CONTACT:** Caitlyn Costello ((202) 205–2058), Office of Investigations, U.S. International Trade Commission, 500 E Street SW, Washington, DC 20436. Hearing-impaired persons can obtain information on this matter by contacting the Commission's TDD terminal on 202–205–1810. Persons with mobility impairments who will need special assistance in gaining access to the Commission should contact the Office of the Secretary at 202–205–2000. General information concerning the Commission may also be obtained by accessing its internet server (*https://www.usitc.gov*). The public record for these investigations may be viewed on the Commission's electronic docket (EDIS) at *https://edis.usitc.gov*.

**SUPPLEMENTARY INFORMATION:**

*Scope.*—For purposes of these investigations, Commerce has defined the subject merchandise as ". . . animal feed grade L-lysine (lysine). Lysine is an essential amino acid added to animal feed that is used in the biosynthesis of proteins. The scope covers lysine regardless of form, including lysine monohydrochloride, also referred to as lysine HCL, lysine sulfate, and liquid lysine. The scope includes lysine that has been coated or encapsulated for use with ruminants to ensure bioavailability.

Lysine HCL in the dry form has the molecular formula $C_6 H_{14} N_2 O_2$ HCl. The Chemical Abstracts Service (CAS) registry number for lysine HCL is 657–27–2. Lysine HCL contains a minimum of 78 percent lysine by weight, as well as additional amino acids, carbohydrates, mineral salts, and organic acids. Lysine sulfate is the sulfate salt of lysine, and in the dry form it has the molecular formula $C_6 H_{16} N_2 O_6 S$. The CAS registry number for lysine sulfate is 60343–69–3. Lysine sulfate typically contains approximately 40–70 percent lysine by weight, as well as additional amino acids, carbohydrates, mineral salts, and organic acids. Liquid lysine is a concentrated form of lysine in an aqueous solution with the molecular formula $C_6 H_{14} N_2 O_2$. The CAS registry number for liquid lysine is 56–87–1. Liquid lysine normally contains at least 50 percent lysine by weight, as well as additional amino acids, carbohydrates, mineral salts, and organic acids.

The scope includes animal feed grade lysine that is combined with other products, including for example, by mixing, blending, compounding, or granulating (*e.g.,* base mixes, premixes, and concentrates). For such combined products, only the lysine component is covered by the scope of this investigation.

Subject merchandise also includes lysine that has been processed in a third country, including by commingling, diluting, adding or removing additives, refining, converting from liquid to dry or dry to liquid form, coating or encapsulating, or performing any processing that would not otherwise remove the merchandise from the scope of the investigation if performed in the subject country . . ."

*Background.*—The final phase of these investigations is being scheduled pursuant to sections 705(b) and 731(b) of the Tariff Act of 1930 (19 U.S.C. 1671d(b) and 1673d(b)), as a result of affirmative preliminary determinations by Commerce that certain benefits which constitute subsidies within the meaning of § 703 of the Act (19 U.S.C. 1671b) are being provided to manufacturers, producers, or exporters in China of animal feed-grade l-lysine, and that such products are being sold in the United States at less than fair value within the meaning of § 733 of the Act (19 U.S.C. 1673b). The investigations were requested in petitions filed on May 28, 2025, by Archer Daniels Midland Company, Chicago, IL ("ADM"), CJ Bio America, Inc. an Iowa corporation ("CJ America"), and Evonik Corporation, Piscataway, NJ ("Evonik").

For further information concerning the conduct of this phase of the investigations, hearing procedures, and rules of general application, consult the Commission's Rules of Practice and Procedure, part 201, subparts A and B (19 CFR part 201), and part 207, subparts A and C (19 CFR part 207).

*Participation in the investigations and public service list.*—Persons, including industrial users of the subject merchandise and, if the merchandise is sold at the retail level, representative consumer organizations, wishing to